UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

_____

**BUILDING TRADES UNITED PENSION TRUST FUND**
**and SCOTT REDMAN (in his capacity as Trustee),**

**INDUSTRY ADVANCEMENT PROGRAM/CONTRACT**
**ADMINISTRATION FUND,**

        **Plaintiffs,**

  **v.**                                                                   **Case No.** 17-CV-1248

**HAHN'S BADGER CARPET SERVICE, INC.,**

        **Defendant.**
_____

**COMPLAINT**
_____

    **NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Christopher J. Ahrens, and as and for a cause of action against the Defendant, allege and show to the Court the following:

**Jurisdiction and Venue**

    1.    Jurisdiction of this Court upon Defendant Hahn's Badger Carpet Service, Inc. ("Hahn's Badger") is founded upon Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), and Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended (29 U.S.C. § 185(a)), in that the Plaintiffs are aggrieved by the Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act

("MPPAA"), the terms and provisions of the employee benefit plans, and Section 301 of the LMRA.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that the Defendant's principal place of business is located in Milwaukee County, Wisconsin.

## Parties

3. Plaintiff Building Trades United Pension Trust Fund is an employee benefit plan within the meaning of sections 3(2), (3), and (37), 502 and 515 of ERISA, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(2), (3), and (37), 1132 and 1145), and brings this action on behalf of the Trustees, participants, and beneficiaries of said Plan. Said Plan maintains offices at 500 Elm Grove Road, Elm Grove, WI 53122.

4. Plaintiff Scott Redman is a Trustee and a fiduciary of the Building Trades United Pension Trust Fund, as well as a participant and beneficiary within the meaning of ERISA and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. Scott Redman maintains an office at 11175 West Parkland Avenue, Milwaukee, WI 53224.

5. Plaintiff Industry Advancement Program/Contract Administration Fund ("IAP/CA Fund") is an employee benefit plan governed by a Board of Trustees consisting of union and labor employee appointees as provided by LMRA § 302(c)(5) (29 U.S.C. § 186(c)(5)). It brings this action on behalf of the Trustees, participants, and beneficiaries of said organization and maintains offices at P.O. Box 507, Brookfield, Wisconsin 53008.

6. Defendant Hahn's Badger is a Wisconsin corporation, engaged in business, with principal offices located at 11032 West Becher Street, West Allis, Wisconsin 53227. Its registered agent for service of process is Doreen Hahn, 11032 West Becher Street, West Allis, Wisconsin 53227.

**Facts**

7. Hahn's Badger is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12), and (14) (29 U.S.C. §§ 1002(5), (11), (12), and (14)) and the LMRA (29 U.S.C. §151, et seq.).

8. For all times relevant, Hahn's Badger was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements ("Labor Agreements") between itself and the North Central States Regional Council of Carpenters f/d/b/a Milwaukee & Southern Wisconsin District Council of Carpenters (the "Union").

9. The Union represents, for purposes of collective bargaining, certain Hahn's Badger employees and employees of other employers in industries affecting interstate commerce within the meaning of LMRA §§ 2(5), 9(a), and 301(a) (29 U.S.C. §151, et seq.).

10. The Labor Agreements described herein contain provisions whereby Hahn's Badger agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said Labor Agreements.

11. By execution of said Labor Agreements, Hahn's Badger adopted the trust agreements and amendments thereof which establish and govern the Plaintiffs and are necessary for their administration, and designated as its representatives on the board of trustees such trustees as have been named and appointed pursuant to said trust

3

agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

12. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the trustees of said trust funds, Hahn's Badger has agreed as follows:

    a. to file monthly reports and make timely and prompt contributions to the Plaintiffs for each employee covered by the aforementioned Labor Agreements;

    b. to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

    c. to adopt and abide by all of the rules and regulations adopted by the trustees of the Plaintiffs pursuant to the trust agreements;

    d. to adopt and abide by all of the actions of the trustees in administering the Plaintiffs in accordance with the trust agreements and the rules so adopted;

    e. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

    f. to pay, in addition to delinquent contributions, interest, and liquidated damages, actual attorney fees, audit fees, court costs, and service

4

fees, should legal action be necessary to obtain delinquent contributions, interest, and liquidated damages.

13. Hahn's Badger has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, failing to make continuing and prompt payments to the Plaintiffs as required by the Labor Agreements and trust agreements for all of Hahn's Badger's covered employees.

14. ERISA § 502(g)(2), as amended by the MPPAA provides:

(2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of --

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

5

15. ERISA § 515 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

16. Despite demands that Hahn's Badger perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has failed, neglected, omitted, and refused to make those payments. Hahn's Badger is now indebted to the Plaintiffs as follows:

<u>Audited Period August 1, 2014 through March 31, 2016</u>:
Building Trades United Pension Trust Fund                                                          $789.57

<u>Audited Period April 1, 2016 through April 30, 2017</u>:
Building Trades United Pension Trust Fund                                                  $33,481.87
IAP/CA Fund                                                                                             472.90

<u>Unaudited Period May 1, 2017 to Present</u>:
Building Trades United Pension Trust Fund                                                        Unknown
IAP/CA Fund                                                                                            Unknown

### Claim One - Against Defendant Hahn's Badger Carpet Service, Inc.
### Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

17. As and for a first claim for relief against Hahn's Badger, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 16 above and incorporate the same as though fully set forth herein word for word.

18. For purposes of this claim (Claim One), the Building Trades United Pension Trust Fund, is hereinafter referred to as the "Fund."

19. Due demand has been made by the Fund upon Hahn's Badger for payment of all sums due and owing, but said Defendant has refused to pay them, and amounts remain due and owing.

6

20. Because, as the Fund is informed and believes, Hahn's Badger has not made timely and prompt contributions on behalf of all covered employees, the corpus of the Fund is reduced, the Fund's income is reduced, and its ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and the Fund's employee benefit plan have been violated, and the Fund is entitled to all of the remedies provided by ERISA.

21. Because Hahn's Badger has failed to make timely and prompt contributions, some of the Fund's beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, the Fund demands the following relief:

1. Judgment on behalf of the Fund and against Hahn's Badger:

    A. For $789.57, representing interest and liquidated damages owed the Fund for the audit period August 1, 2014 through March 31, 2016;

    B. For $33,481.87, representing interest and liquidated damages owed the Fund for the audit period April 1, 2016 through April 30, 2017;

    D. For unpaid contributions, interest, and liquidated damages becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    E. Actual attorney fees and the costs of this action.

2. For such other, further, or different relief as the Court deems just and proper.

## Claim Two - Against Defendant Hahn's Badger Carpet Service, Inc.
## Violation of LMRA § 301 (29 U.S.C. § 185)

22. As and for a second claim for relief against Hahn's Badger, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 21 above and incorporate the same as though fully set forth herein word for word.

23. For purposes of this claim (Claim Two), the IAP/CA fund is hereinafter referred to as the "IAP".

24. Due demand has been made by the IAP upon Hahn's Badger for payment of all sums due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

25. Because, as the IAP is informed and believes, Hahn's Badger has not paid timely and prompt contributions, the IAP's income is reduced, and its operation is curtailed and inhibited. Consequently, the LMRA has been violated, and the IAP is entitled to all of the remedies provided by the LMRA.

**WHEREFORE**, the IAP demands the following relief:

1. Judgment on behalf of the Fund and against Hahn's Badger:

    A. For $472.90, representing interest and liquidated damages owed the Fund for the audit period April 1, 2016 through April 30, 2017;

    B. For unpaid contributions, interest, and liquidated damages owed to the Fund becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    C. Actual attorney fees and the costs of this action.

8

2. For such other, further, or different relief as the court deems just and proper.

Dated this 14th day of September, 2017.

s/Christopher J. Ahrens
Christopher J. Ahrens (SBN 1043237)
The Previant Law Firm, S.C.
310 W. Wisconsin Avenue, Suite 100MW
Milwaukee, WI   53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: cja@previant.com

Attorney for Plaintiffs
